Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JUAN CARLOS SANTIAGO ORTIZ Y OTROS<br><br>Demandante Apelante<br><br>v.<br><br>LOTERIA DE PUERTO RICO Y OTROS<br><br>Demandada Apelada | TA2026AP00191 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2022CV08887<br><br>Sobre:<br>*Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente) |

Panel especial integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece el señor Juan Carlos Santiago Ortiz mediante recurso de apelación y solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 18 de noviembre de 2025. En dicho dictamen, se desestimó la demanda del apelante. Por los fundamentos que expondremos, confirmamos la *Sentencia* recurrida.

En síntesis, y según la certificación de la Directora Auxiliar de la Lotería de Puerto Rico, el Sorteo Núm. 392S se colocó en venta el 2 de agosto de 2022, y que la Serie D del Billete Núm. 38359 de dicho sorteo fue adquirido el 15 de agosto de 2022 por la dueña de la Agencia de Billetes, la señora Jesusita Castillo. Igualmente, según una comunicación emitida el 2 de septiembre de 2022 por el Departamento

de Hacienda, al Sorteo Núm. 392S no se le aplicaría el proceso de reclamación dispuesto en el Artículo 10 de la Ley Núm. 465 de 15 de mayo de 1947 (15 LPRA sec. 120), según enmendada por la Ley Núm. 72-2022.

Así las cosas, y según el Itinerario de Sorteos 2022 del Departamento de Hacienda, el Sorteo Núm. 392S se celebraría el 7 de octubre de 2022 y tendría como fecha de caducidad el 5 de abril de 2023. De su parte, la Jefa Interina de la División de Pagos de la Lotería de Puerto Rico certificó que para el 9 de enero de 2023, y mediante la información suministrada el Sistema Integrado de Lotería (SIL), las fracciones de la Serie D del Billete Núm. 38359, con un valor de seiscientos mil ($600,000.00) dólares, no habían sido pagados.

Dicho esto, el 10 de octubre de 2022, el señor Santiago Ortiz presentó una demanda sobre entredicho preliminar y permanente contra la Lotería de Puerto Rico y alegó que había adquirido la Serie D del Billete Núm. 38359, pero que dicho documento se extravió. En consecuencia, el apelante radicó una querella en el cuartel de la Policía Municipal en San Juan, con Núm. 2022-1-382-4875, tomada por el Agente Martínez. Incluida toda esta información en una declaración jurada anejada a la demanda, el apelante solicitó que se detuviera el pago de dicho billete o fracciones de billete y que se expida el interdicto preliminar. Mediante una demanda enmendada posterior, el señor Santiago Ortiz especificó que compró el billete el 10 de agosto de 2022 del agente de lotería, el señor Faustino de Jesús Castillo, hermano de la señora Jesusita Castillo, en su punto de venta en las Oficinas del Correo General de Puerto Rico de Hato Rey.

Luego de varios trámites procesales, el Tribunal de Primera Instancia celebró el juicio en su fondo y durante el cual el apelante testificó que éste adquirió el billete en controversia mediante una separación especial hecha por el señor de Jesús Castillo. Según declaró el señor Santiago Ortiz, el viernes, 7 de octubre de 2022, cuando se celebró el sorteo que premió al Billete Núm. 38359 como ganador del primer lugar, el apelante no pudo encontrar su billete. Luego de haber llamado a la Lotería y no recibir respuesta, el lunes 10 de octubre de 2022, el señor Santiago Ortiz radicó una querella de pérdida al Cuartel de la Policía Municipal. Poco después, el apelante otorgó una declaración jurada sobre los hechos, presentada ante la Lotería el martes, 11 de octubre de 2022. No obstante, se le instruyó que entregara la declaración jurada a un Tribunal, además de que la agencia se rehusó a ponchar dicha declaración escrita.

Entre tanto, el señor Santiago Ortiz presentó la declaración jurada del señor Faustino de Jesús Castillo, en el cual éste último confirma que le vendió al apelante el billete en controversia, al igual que el de la señora Jesusita Castillo, quien declaró que su hermano vendió el billete según antes descrito. Asimismo, el apelante demostró evidencia no estipulada de que el 24 de octubre de 2022, había enviado una carta a la Lotería, además de que el 11 de octubre de 2022 había firmado el Registro de Visitantes de la División de Pagos de Billetes y descrito su propósito como "[b]illete extraviado" y "[s]orteo 392S". Esto último, a pesar de que la Jefa Interina de la División de Pagos certificar, basado en la información dispuesta por el SIL, que el señor Santiago Ortiz "no reportó robado o extraviado el billete 38359", pero

de que sí se le orientó sobre el procedimiento de seguir para reportar un billete extraviado después de celebrarse el sorteo.

Evaluada toda la evidencia, el Tribunal apelado emitió *Sentencia* y desestimó la demanda de epígrafe, toda vez que las alegaciones del señor Santiago Ortiz son incompatibles con la realidad. Esto es, las alegaciones del señor Santiago Ortiz demostraron que éste compró el billete en controversia cinco (5) días antes de venderse dicho billete a la Agencia de Billetes, más que dicho apelante nunca mencionó alguna fecha alterna en cuanto a su adquisición, al igual que nunca evidenció haber sido en su momento portador del billete.

Insatisfecho, el apelante recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al convertir una alegación en determinación de hecho y en la apreciación de la prueba al descartar evidencia circunstancial suficiente bajo al estándar de preponderancia. Presentada la oposición de la parte apelada, resolvemos.

Vale recordar que los tribunales apelativos deben deferencia hacia las determinaciones que realizan los juzgadores de primera instancia en cuanto a la prueba testifical presentada ante ellos. *Pueblo v. Negrón Ramírez*, 213 DPR 895 (2024) (citando a *Pueblo v. Arlequín Vélez*, 204 DPR 117 (2020)). Esto en cuanto que los juzgadores de primera instancia se encuentran en una mejor posición para evaluar, aquilatar y adjudicar la prueba presentada, especialmente cuando involucra prueba testifical u oral desfilada en el juicio. Íd. (citando a *Pueblo v. Toro Martínez*, 200 DPR 834 (2018); *Pueblo v. García Colón I*, 182 DPR 129 (2011); *Pueblo v. Bonilla Romero*, 120 DPR 92 (1987)). De esta manera, los juzgadores pueden oír y apreciar la forma que declararon los testigos, como su comportamiento. Íd. (citando a

*Pueblo v. Toro Martínez, supra*; *Pueblo v. García Colón I, supra*; *Pueblo v. Maisonave Rodríguez*, 129 DPR 49 (1991)). Asimismo, en los casos civiles, el Tribunal de Primera Instancia hará su decisión mediante la preponderancia de la prueba, esto es, a base de criterios de probabilidad, a menos que exista disposición al contrario. Regla 110 de Evidencia de 2009 (32 LPRA Ap. VI).

Entre tanto, los tribunales deben considerar los fines perseguidos por la Asamblea Legislativa al aprobar una ley, cualquier determinación judicial imprimiéndole efectividad a la intención legislativa y propiciando la realización del propósito que persigue. *Consejo de Titulares del Condominio Balcones de San Juan v. MAPFRE Praico Insurance Company*, 208 DPR 761 (2022) (citando a *Vargas Fernández v. Adm. de los Sistemas de Retiro de los Empleados del Gobierno*, 159 DPR 248 (2003)). Incluso, cuando la ley es clara y está libre de toda ambigüedad, su texto es la mejor expresión de la intención legislativa. Véase Art. 19 del Código Civil de 2020 (31 LPRA sec. 5341); *Pagán Santiago et al. v. Adm. de los Sistemas de Retiro de los Empleados del Gobierno*, 185 DPR 341 (2012) (citando a *Soc. Asist. Leg. v. Ciencias Forenses*, 179 DPR 849, 862 (2010)).

Ahora bien, todo billete se considerará como valor al portador, es decir, no se reconocerá dueño de un billete premiado a otra persona que aquella que lo posea y lo presente al cobro. Art. 12 de la Ley Núm. 465 de 15 de mayo de 1947 (15 LPRA sec. 122). Por tanto, el derecho de cobro caducará a los seis (6) meses contados desde el día siguiente de que se verifique el sorteo a que correspondan. Íd. No obstante, según el derogado Artículo 10 de la *Ley para Crear la "Lotería de Puerto Rico"*:

Cualquier persona a quien se le extravíen, destruyan en cualquier forma o le sean apropiados ilegalmente o robados billetes o fracciones de billetes de la lotería, que desee establecer en su día una reclamación para en caso de que dichos billetes resulten premiados, deberán radicar ante el Director del Negociado de la Lotería o enviar por correo certificado una declaración jurada no menos de veinticuatro (24) horas antes de la fecha en que había de celebrarse el sorteo a que correspondan los billetes o fracciones. En caso de apropiación ilegal o robo de billetes o fracciones, la persona a quien le fueren apropiados ilegalmente o robados deberá notificarlo, además, al cuartel de la policía más cercano. Se hará constar en dicha declaración jurada el hecho de la pérdida, destrucción o apreciación ilegal o robo de los billetes o fracciones y las circunstancias envueltas en la misma. En caso de que se alegue apropiación ilegal o robo de los billetes o fracciones se hará constar en la declaración jurada el número de la querella asignado por la Policía. En este caso, los fondos correspondientes o los premios de billetes o fracciones de billetes en controversia permanecerán en el "Fondo de la Lotería" hasta tanto se adjudique el derecho al cobro de los mismos. Si transcurrido el término de seis (6) meses que concede la sec. 122 de este título para el cobro de billetes premiados aparecieren pendientes de pago el billete o las fracciones de billete a que se refiere la declaración jurada antes mencionada, y no se hubiere iniciado el procedimiento establecido en el inciso (b) de esta sección, el Director del Negociado de la Lotería procederá a hacer el pago del premio que corresponda a la persona que suscribe la declaración jurada. Art. 10 de la Ley Núm. 465 de 15 de mayo de 1947 (15 LPRA ant. sec. 120).[1] Véase, también, Reglamento para la Administración y Funcionamiento de la Lotería de Puerto Rico, Reglamento Núm. 9315 del Departamento de Hacienda de 19 de octubre de 2021, Art. 43, págs. 23-24.

Así las cosas, nuestro Tribunal Supremo dictaminó, en cuanto a este artículo derogado, que el director de la agencia estará obligado a pagar las fracciones de un billete premiado al presentador, a menos que sea notificado (1) por el jugador, en el caso en que éste se percata de la pérdida del billete antes de la celebración del sorteo; o (2) con una orden judicial prohibiéndole así hacerlo, en el caso en que el jugador se da cuenta de la pérdida con posterioridad al sorteo. *Mojica v. Román Rodríguez*, 116 DPR 45 (1985). El Estado Libre Asociado de Puerto Rico incurrirá en responsabilidad si la Lotería incumple con estas notificaciones. Íd.

---

[1] Por el sorteo haber ocurrido antes de la implementación de la Ley Núm. 72-2022 y su consecuente enmienda del Artículo 10 de la *Ley para Crear la "Lotería de Puerto Rico"*, para propósitos del procedimiento de reclamación de billete extraviado, utilizaremos el derogado Artículo 10 de dicha Ley.

A su vez, la orden judicial antes referida tiene como propósito el evitar que el Director de la Lotería pague el billete a un tercero portador de ellos que no es el dueño real de éstos. *Rivera v. Depto. de Hacienda*, 149 DPR 141 (1999). En otras palabras, la orden judicial es una medida cautelar dirigida a salvaguardar la jurisdicción del Tribunal para dilucidar la acción que incoa la persona que alega ser el verdadero titular del billete. Íd. De aparecer el portador del billete y una persona que alegue ser el verdadero dueño, la Lotería procederá a pagarle el premio al individuo que el Tribunal adjudique, de manera final y firme, como el dueño real. *Colón v. Lotería*, 167 DPR 625 (2006); *Concepción Pacheco v. Torruellas*, 105 DPR 27 (1976).

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al desestimar la demanda del señor Santiago Ortiz. Del expediente se desprende que el apelante nunca presentó evidencia o hizo alguna mención de una fecha alterna de adquisición del billete en controversia, esto es, nunca explicó cómo pudo éste adquirir el billete el 10 de agosto de 2022, cuando dicho billete se puso en venta el 15 de agosto de 2022. Igualmente, el apelante nunca mostró prueba que cuestionara la validez de la fecha del 15 de agosto de 2022 como primer día de venta del Sorteo Núm. 392S o de SIL como programa interno gubernamental de archivo y cotejo. Además, a pesar de lo dispuesto por el derogado Artículo 10 de la Ley Núm. 465, no se puede interpretar su lenguaje como uno que permitía la entrega automática de dicho pago a cualquier persona que haya presentado una declaración jurada—aunque se hubiera hecho pronto después de la celebración del sorteo—sin antes haberse dilucidado la veracidad de sus alegaciones.

Por los fundamentos expresados, confirmamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones